IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELIZABETH HARING COOMES,
   *Plaintiff*,

v.                                              Civil Action No. ELH-22-2639

MICHAEL J. MORAN, *et al.*,
   *Defendant*.

**MEMORANDUM**

    Plaintiff Elizabeth Haring Coomes filed suit on October 13, 2022, against defendants Michael J. Moran ("Mr. Moran") and The Law Offices of Michael J. Moran, P.C. (the "Firm") (collectively, "Moran"). ECF 1 ("Complaint").[1] She asserts professional negligence as to Mr. Moran (Count I) and the Firm (Count II).  In addition, plaintiff claims that defendants are liable for violating the automatic stay that resulted from plaintiff's filing of a Chapter 13 bankruptcy petition (Count III).[2]

    With respect to the claims of professional negligence, plaintiff seeks "$30,000,000 in compensatory damages, plus prejudgment interest beginning on March 8, 2018, costs, punitive damages to be set by a jury, attorneys' fees, and any other relief the Court deems appropriate and just." *Id*. at 6, 7. As to Moran's alleged violation of the Bankruptcy Code, plaintiff "demands judgment against Defendants for actual damages and punitive damages and against Defendants in

---

[1] The case was originally assigned to Judge Lydia Griggsby.  It was reassigned to me on February 14, 2023.

[2] The Complaint fails to identify the provision of the Bankruptcy Code that Moran allegedly violated.

favor of Ms. Coomes's attorneys for reasonable fees and costs incurred prosecuting this proceeding," as well as "equitable relief . . . ." ECF 1 at 8.

Defendants have moved to dismiss the suit, pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m), as well as Local Rule 103.8 (the "Motion"). ECF 24.  The Motion is supported by several exhibits. ECF 24-1 to ECF 24-3. In particular, defendants contend that suit was not served within the required 90 days.  Plaintiff opposes the Motion (ECF 25), supported by a memorandum (ECF 25-1) (collectively, the "Opposition"), as well as an exhibit. ECF 25-2. Defendants replied. ECF 26 (the "Reply").

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall deny the Motion and extend, retroactively, plaintiff's deadline for service of the suit.

**I.     Background[3]**

Plaintiff alleges that on December 9, 2014, the Maryland Insurance Administration ("MIA") "improperly permanently revoked" her "insurance producer professional license in a case with no legal precedent." ECF 1, ¶ 7.[4]   Coomes retained Moran on May 27, 2015, to represent her in an appeal of the administrative action.  *Id.* ¶ 8.  The Circuit Court for Baltimore City affirmed the MIA's decision. *Id.* ¶ 12. Thereafter, Mr. Moran noted an appeal to the Maryland Court of

---

[3] As discussed, *infra*, at this juncture I must assume the truth of the facts alleged in the suit. *See Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).  Throughout the Memorandum, the Court cites to the electronic pagination. However, the electronic pagination does not always correspond to the page number imprinted on the particular submission.

[4] The Complaint does not include any information as to why Coomes's license was revoked.

2

Case 1:22-cv-02639-ELH   Document 27   Filed 06/06/23   Page 3 of 10

Special Appeals ("CSA"). ECF 1, ¶¶ 13-15.[5]  On or about March 30, 2017, the CSA affirmed "in a reported opinion." *Id.* ¶ 16; *see Coomes v. Maryland Insurance Administration*, 232 Md.App. 285, 157 A.3d 364 (2017).[6]

On Coomes's behalf, Mr. Moran filed a petition for a writ of certiorari to the Maryland Court of Appeals ("COA"). ECF 1, ¶ 17. The COA granted certiorari. *Id.* ¶ 20. Coomes's appellate brief was due in September 2017. *Id.* ¶ 21. However, Mr. Moran moved for an extension of time to file the brief, and the deadline was extended to October 17, 2017. *Id.* ¶¶ 23, 24.

Thereafter, on October 16, 2017, Coomes filed a petition for Chapter 13 Bankruptcy. *Id.* ¶ 25.  Plaintiff's bankruptcy lawyer listed plaintiff's professional licensure and her claim against the MIA as assets of the bankruptcy estate. *Id.* ¶¶ 26, 27.  She also named Mr. Moran and the Firm as creditors. *Id.* ¶ 28. Coomes alleges that both defendants were subject to the automatic stay under the Bankruptcy Code. *Id.* ¶ 29.  Nevertheless, according to plaintiff, Mr. Moran made "billing demands," without obtaining relief from the stay.  *Id.* ¶ 30.

Mr. Moran subsequently filed for a second extension of time to submit his brief, which the COA granted. *Id.* ¶ 31. And, the COA granted Mr. Moran a third extension of time, extending the

---

[5] In the general election held in Maryland in November 2022, the voters of Maryland approved a constitutional amendment to change the name of the Maryland Court of Appeals to the Supreme Court of Maryland. And, the voters also approved changing the name of the Maryland Court of Special Appeals to the Appellate Court of Maryland. These changes went into effect on December 14, 2022. *See* Press Release, Maryland Courts, Voter-approved constitutional change renames high courts to Supreme and Appellate Court of Maryland (Dec. 14, 2022), https://www.courts.state.md.us/media/news/2022/pr20221214#:~:text=Effective%20immediately %2C%20the% 20Court% 20of,the%20Appellate% 20Court% 20of% 20Maryland.  However, I shall refer to the courts by the names that were in effect when the cited decisions were issued.

[6] Plaintiff did not provide the citation to the State case.  But, "[a] federal district court may take judicial notice of documents from state court proceedings and other matters of public record in conjunction with a Rule 12(b)(6) motion without converting it to a motion for summary judgment." *Parikh v. Frosh*, PX-22-110, 2023 WL 131043, at *5 (D. Md. Jan. 9, 2023) (quoting *Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 246 n. 2 (D. Md. 2013).

deadline to file the appellate brief to February 21, 2018. ECF 1, ¶ 32. But, the COA refused to grant a fourth extension, *id.* ¶ 33, and Mr. Moran failed to file the brief. *Id.* ¶ 34.[7]

Coomes alleges that Mr. Moran refused to prepare and file a brief because she had an unpaid balance. *Id.* ¶ 30. Moreover, she claims that, despite her request, Mr. Moran failed to file an untimely brief, with the request to the COA to deem it timely. *Id.* ¶ 35 And, she claims that Mr. Moran refused to email a "Microsoft Word" version of the "brief so she could try to cobble together the brief, file it late, and ask for the Court to deem it timely filed." *Id.* ¶ 36. Coomes also asserts that Mr. Moran "constructively withdrew" his representation without leave of court. *Id.* ¶ 37. But, she claims that if he had filed a motion to withdraw, Coomes would have had an additional fifteen days to file her brief. *Id.* ¶ 38.

The MIA moved to dismiss Coomes's appeal for failure to file the appellate brief, *id.* ¶ 40, and Mr. Moran filed an opposition. *Id.* ¶ 42. However, on March 8, 2018, the COA dismissed Coomes's appeal, with prejudice, for failure to file the appellate brief. *Id.* ¶ 43; *see id.* ¶¶ 44-46.

Notably, Mr. Moran allegedly advised Coomes that "filing the brief was not necessary because the COA could rule on her case by reviewing what had already been filed with the COA" and that "the COA did not intend to dismiss her appeal because it had scheduled oral arguments" for May 2, 2018. *Id.* ¶ 39. And, Mr. Moran allegedly told Coomes "that the COA could not dismiss her appeal because she was in bankruptcy and protected by the automatic stay of bankruptcy." *Id.* ¶ 41.

Thomas O'Toole, plaintiff's current counsel, submitted an Affidavit in support of the Opposition. ECF 25-1. He avers that, prior to the filing of the suit, the parties engaged in

---

[7] The Complaint indicates that Mr. Moran's third extension was granted, *id.* ¶ 32, but also that the third extension was subsequently denied. *Id.* ¶ 34. It appears that Mr. Moran's fourth motion for an extension was denied.

"extensive settlement discussions" and participated in "two lengthy mediation sessions before a retired judge." ECF 25-2, ¶ 3.[8] This process appears to have involved plaintiff's production of "more than 125" documents in support of her claim. *Id.* ¶ 4.

Shirlie Norris Lake, who represents Moran in the malpractice claim, also filed an Affidavit. ECF 24-1.  And, she included exhibits.

In an email from Ms. Lake to Mr. O'Toole, dated October 13, 2022, defense counsel indicated that defendants had offered a settlement figure, but were unwilling to change their position, and the offer would remain open unless suit was filed. ECF 24-2.[9]  Of import here, Ms. Lake also indicated that she was authorized to accept service for defendants. *Id.*; *see also* ECF 24-1, ¶ 4.  Moreover, she said: "[Y]ou can send me the service papers by email." EF 24-2; ECF 24-1, ¶ 4.  A few hours later, plaintiff filed the Complaint.

In particular, Ms. Lake sent her email of October 13, 2022, at 8:31 a.m. ECF 24-2.  The Complaint was filed on October 13, 2022, at 8:11 p.m.  *See* ECF 1 (notice of electronic filing) at https://mdd-ecf.sso.dcn/cgi-bin/DisplayReceipt.pl?157078339232984-L_1_0-1.

Thereafter, activity in the case was limited until January 16, 2023, when Moran moved to dismiss for failure to effect timely service of the suit. ECF 8. A day later, plaintiff's counsel emailed Ms. Lake the writs of summons and the Complaint.  ECF 24-3.  But, Ms. Lake replied via email that she is "not authorized to accept improper service beyond the 90 day requirement of Fed. R. Civ. P. 4(m)."  *Id.*

---

[8] I may consider the parties' exhibits for the purpose of addressing the claim of insufficient service of process. *See Goldfarb v. Mayor of Baltimore*, 791 F.3d 500, 506 (4th Cir. 2015) ("[O]nly under Rule 12(b)(6) does it matter whether the district court violated Rule 12(d)'s limitation on what materials the court can rely on without converting the motion to dismiss into one for summary judgment.").

[9] The amount offered for settlement is redacted from the filing.

The initial motion to dismiss was filed incorrectly (ECF 10), as it was in violation of the Case Management Order issued by Judge Griggsby, to whom the case was then assigned. *See* ECF 3. Nevertheless, plaintiff was served with that motion. ECF 19 at 1-2 n. 1.

Thereafter, on January 19, 2023, plaintiff executed service of process on the defendants. ECF 17; ECF 18. This was some 97 days after suit was filed (ECF 1) and 89 days after the Court issued the summonses on October 21, 2022. *See* ECF 4. Then, on January 23, 2023, defendants filed a notice of their intent to move to dismiss, in compliance with the Case Management Order. ECF 19. Defendants supplemented their notice on February 3, 2023, by proposing a briefing schedule for the motion to dismiss. ECF 21.

The case was subsequently reassigned to me on February 14, 2023. And, by letter of March 3, 2023 (ECF 23), I advised counsel that I do not require prior approval for the filing of a motion to dismiss. I also set a motion deadline of March 24, 2023. ECF 23. The Motion followed.

Additional facts are discussed, *infra*.

## II.     Discussion

Under Fed. R. Civ. P. 12(b)(5), defendant moves to dismiss the Complaint for failure to effect timely service, as mandated by Fed. R. Civ. P. 4(m) and Local Rule 103.8. *See* ECF 24.

Under Fed. R. Civ. P. 12(b), before submitting a responsive pleading, a defendant may move to dismiss a complaint, *inter alia*, for "(4) insufficient process" or "(5) insufficient service of process." Generally, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery[ ] of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004, Supp. 2021). "Once service has been contested," as here, "the plaintiff bears the burden

6

of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *accord, e.g., Baylor v. Wegman's Food Market, Inc.*, WDQ-14-3330, 2015 WL 4396609, at *1 (D. Md. July 16, 2015).

Service of process, which is governed by Fed. R. Civ. P. 4, is a prerequisite to litigating in federal court. In its absence, a court lacks personal jurisdiction over the defendant." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.,* 935 F.3d 211, 228 (4th Cir. 2019). Although the court can "construe Rule 4 liberally" when the service of process, even if technically deficient, provided actual notice to the defendant, the "plain requirements" for effecting service cannot be ignored. *O'Meara*, 464 F. Supp. 2d at 476 (quotations omitted); *see also Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 305 (4th Cir. 2016) ("Actual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff.").

Rule 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)."

"'Good cause' requires a 'showing of diligence on the part of the plaintiff[ ].'" *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (quoting *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019)). However, "[i]f good cause is not shown, the Court may still choose to extend the time for service but is not required to do so." *Grier v. United States Dep't of Housing and Urban Development*, PWG-21-2165, 2022 WL 17467671, at *2 (D. Md. Dec. 6, 2022) (citing *Davis v.*

*Univ. of N. Carolina at Greensboro*, WLO-19-661, 2022 WL 3586093, at *4 (M.D.N.C. Aug. 22, 2022)); *see also Tau v. Virginia Employment Commission,* 2022 WL 17750703, at *1 (4th Cir. Dec. 19, 2022) (per curiam) (vacating dismissal order and remanding because it was unclear whether the district court recognized that it had "discretion" to extend the timely service deadline under Rule 4(m), even without good cause).

Plaintiff seems to agree that she does not have good cause for her failure to timely serve the defendant. ECF 25-1 at 3 n. 14. Her lawyer explains that he "did not realize that Defendants had not been served." ECF 25-1 at 2.  And, on January 17, 2023, when he sought confirmation that defense counsel would accept service, he was advised by defense counsel that she was no longer authorized. *Id.* at 2. Service was effected the next day. *Id.* Critically, plaintiff alleges that, if the suit is dismissed, albeit without prejudice, it will be barred by the statute of limitations. ECF 25 at 2.

The decision of whether to dismiss the case for plaintiff's failure to comply with the requirements of Rule 4(m) is ultimately left to this Court's discretion. *See Gelin,* 35 F.4th at 220; *Tau*, 2022 WL 17750703, at *1.  The decision is "necessarily determined on a case-by-case basis . . . ." *Scott*, 673 Fed. App'x at 306.

"Federal courts have identified several non-exhaustive factors that may guide the discretionary decision of whether to enlarge the service period. Such factors include '(i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended.'"

*Brodnik v. Harris*, DAF-22-312, 2023 WL 2872684, at *2 (S.D. W. Va. Apr. 10, 2023) (format altered) (quoting *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016)); *see also Scott*, 673 F. App'x 299. Although the eight factors are not binding on a district court, *see Collins v. Thornton*, 782 F. App'x 264, 267 (4th Cir. 2019) (per curiam), these factors provide useful guidance.

Plaintiff is not *pro se*. Nor did she seek an extension to effect timely service. Yet, on balance, an extension of the time to effect service appears to be appropriate here.

Notably, the delay in effecting service was quite brief. Suit was filed on October 13, 2022, and service was effected on January 18, 2023, *i.e.*, 97 days after suit was filed, or just one week beyond the Rule 4(m) deadline. Plaintiff's attempt to rectify the error by serving process soon after receiving notice of her failure weighs in her favor. *See Robertson v. Dameron*, JCH-22-86, 2023 WL 2760078, at *4 (W.D. Va. Mar. 31, 2023) (permitting extension, in part, because plaintiff "acted relatively quickly to fix his error once defense counsel brought it to his attention"); *Riviera v. City of Chesapeake*, RAJ-22-27, 2022 WL 4357437, at *3 (E.D. Va. Sept. 20, 2022) (exercising discretion to extend time because "Plaintiff attempted to rectify this error by serving a copy of the Complaint on Defendant . . . 111 days after the 90-day limit imposed by Rule 4(m) on service"); *but see Lee v. Prince George's Cty. Bd. of Educ., et al.,* GJH-22-0957, 2023 WL 35248, at *2 (D. Md. Jan. 4, 2023) (refusing to exercise discretion to extend deadline to serve process as "the 90-day deadline has long transpired").

Understandably, defendants hope to capitalize on the Rule 4(m) violation. But, defendants have not actually been prejudiced by the brief delay. Prior to the filing of suit, the parties engaged in lengthy settlement discussions, so the suit was hardly a surprise. *See Lane v. Renior-Large,* SVH-22-1025, 2022 WL 2919445, at *3 (D.S.C. June 17, 2022) (report and recommendation for

9

extension of time to serve defendants, in part, because of "the lack of prejudice to Defendants" and "the fact that Defendants have actual notice of the lawsuit and have been able to defend themselves in this action"), *adopted*, *Lane v. Renoir-Large*, MGL-22-1025, 2022 WL 2919050, at *1 (D.S.C. July 25, 2022).

And, perhaps most significant, plaintiff asserts, ECF 25-1 at 4, that the statute of limitations would bar her claim if the case were dismissed, even without prejudice. Under the circumstances attendant here, this would be too heavy a price to pay for the breach of Rule 4(m).

"Federal courts are here to resolve cases on the merits, to avoid procedural defaults whenever possible, and to issue the sanction of dismissal only in extreme cases of plaintiff misconduct." *Harris v. South Charlotte Pre-Owned Auto Warehouse, LLC*, MOC-14-307, 2015 WL 1893839, at *3 (W.D. N.C. Apr. 27, 2015) (citing *Choice Hotels Intern., Inc. v. Goodwin and Boone*, 11 F.3d 469, 471–72 (4th Cir.1993)). Accordingly, the Court will exercise its discretion to extend the time for service of process so that this matter may be decided on the merits, rather than by a procedural deficiency.

With the permitted retroactive extension of the time for plaintiff to effect service, defendants' motion to dismiss for insufficient or untimely service necessarily fails. *See Holder v. Morrison Management Specialists, Inc.*, KDB-22-51, 2022 WL 4703382, at *1 (W.D. N.C. Sep. 30, 2022).

An Order follows.

Date: June 6, 2023  /s/
Ellen L. Hollander
United States District Judge